UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PATRICK,

    Plaintiff,

CASE NO. 1:08-CV-1075

v.

HON. ROBERT J. JONKER

ALFRED BUTZBAUGH,

    Defendant.
_____/

## OPINION

Plaintiff Michael Patrick brings this action against Defendant Alfred Butzbaugh, Chief Judge of the Second Circuit Court of Michigan, Berrien County. (*See* Complaint, docket #1.) Plaintiff, proceeding pro se, attempts to allege violations of various federal criminal statutes. The alleged violations appear to arise out of Plaintiff's dissatisfaction with a judgment rendered against him in the state court. Defendant moves to dismiss all claims. (Motion to Dismiss, docket #3.)

## BACKGROUND

Plaintiff Patrick was at one time a defendant in a civil action in the Second Circuit Court of Michigan, Berrien County. (*See* Motion to Dismiss, Exhibit A.) The presiding judge in that action, Circuit Judge Lynda Tolen, entered a default judgment against Mr. Patrick in August 2007. (*Id.*) On January 17, 2008, Judge Tolen issued a bench warrant for Mr. Patrick's arrest after Mr. Patrick failed to appear at a scheduled hearing. (*Id.*) Judge Tolen retired approximately eight months later, effective August 1, 2008. (Motion to Dismiss, at 5.)

Plaintiff Patrick filed this action on November 17, 2008. (Complaint, docket #1.) Patrick alleges that Defendant Butzbaugh, acting through his "agent Lynda Tolen," has "threatened Michael Patrick's and his wife Cheryl Marie's property and liberty by issuing a bench warrant after being fully notified of a timely refusal for cause on the initial presentment in local case #2007-C-07855-GC." (*Id.* at 3.) Plaintiff seeks "injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or principals." (*Id.* at 4.) Plaintiff does not specify whether Butzbaugh is named in his individual or official capacity.

Defendant filed a motion to dismiss on December 10, 2008. (Docket #3.) Defendant asserts various grounds for dismissal, including failure to state a claim upon which relief can be granted, improper service of process, judicial immunity, sovereign immunity, and other jurisdictional defects. Plaintiff filed a document that appears on the docket sheet as a "Response to Motion to Dismiss," but contains no relevant content other than an "Affidavit of Service." (*See* docket #5.)

## ANALYSIS

**I. Legal Framework**

In ruling on Defendant's motion to dismiss, the Court must construe the complaint in the light most favorable to Plaintiff. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 475 (6th Cir. 2008). In doing so, the Court must draw all reasonable inferences in favor of Plaintiff Patrick, but it "need not accept as true legal conclusions or unwarranted factual inferences." *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008). Additionally, the factual allegations stated in the complaint "must be enough to raise a right to relief above the speculative level; they must state a claim that is plausible on its face." Id. (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). *Pro se* litigants are afforded some leeway in their pleadings, but they still must satisfy the basic pleading standards. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

**II. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted**

Discerning the exact nature of the claims in this case is difficult, but it appears that Plaintiff seeks to enjoin state officials from executing a bench warrant for his arrest or allowing a mortgage sale of his property. Plaintiff claims that such actions amount to a kidnap of his person or a theft of his property. In support of his claim, Plaintiff cites several federal criminal statutes prohibiting, *inter alia*, larceny within the special maritime and territorial jurisdiction of the United States, kidnaping, and treason. *See* 18 U.S.C. §§ 661, 1201, and 2381. Plaintiff fails to identify any authority holding that these penal statutes create a private right of action entitling a civil litigant to an injunction.

**A. The Complaint Fails to Allege Facts Sufficient to State a Claim**

The Complaint fails to state a claim upon which relief may be granted because there are no factual allegations concerning Defendant Butzbaugh's involvement in any of the challenged actions. Plaintiff does not allege that Butzbaugh entered the default judgment or issued the bench warrant in the state court action. In fact, Plaintiff does not even allege that Chief Judge Butzbaugh presided over the state court action at any time. Plaintiff's entire theory of liability as to Butzbaugh appears to be that Butzbaugh's "agent," retired Circuit Judge Lynda Tolen, issued a bench warrant for Plaintiff's arrest over one year ago. The Complaint is devoid of any facts that would allow the Court to conclude that Judge Tolen is the agent of Defendant Butzbaugh or that Butzbaugh has otherwise taken some act affecting Plaintiff's federally-protected rights. Consequently, Plaintiff fails to state a claim against Defendant Butzbaugh, and the Complaint must be dismissed. *See generally Twombly*, 127 S. Ct. at 1965.

**B. Defendant is Entitled to Judicial Immunity**

Assuming *arguendo* that Chief Judge Butzbaugh (or Judge Tolen as his agent) has or is currently taking some action affecting Plaintiff's federally protected rights, Plaintiff's claims still

3

must be dismissed because Butzbaugh has absolute immunity from suit in this case. As a state judicial officer, Butzbaugh has judicial immunity from suit for "all actions taken in [his] judicial capacity, unless [those] actions are taken in the complete absence of any jurisdiction." *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Although common law judicial immunity extended only to suits for money damages, *see Pulliam v. Allen*, 466 U.S. 522, 541-43 (1984), Congress expanded the scope of that immunity by enacting the Federal Courts Improvement Act of 1996 ("FCIA"). *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006); *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005). The FCIA amended 42 U.S.C. § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As a result of this amendment, 42 U.S.C. § 1983 "explicitly immunizes judicial officers against suits for injunctive relief." *Roth*, 449 F.3d at 1286; *accord Gilbert*, 401 F.3d at 414 n. 1 (noting that a Michigan State Court Administrator is "absolutely immune from injunctive relief under the judicial immunity doctrine"); *see also* 15 Am. Jur. 2d, *Civil Rights* § 105 (2d ed. 2008).

Judicial immunity bars Patrick's claim for injunctive relief because the acts complained of are judicial in nature and Patrick fails to establish that Defendant acted in the absence of all jurisdiction. First, there can be no doubt that a judge's decision to enter a default judgment or issue a bench warrant is a "judicial function" for which the judge is entitled to absolute immunity from suit. *See*, *e.g.*, *Bush*, 38 F.3d at 847 ("enforcing or executing a court order" is a judicial act); *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) (holding that where a judge's acts affect only the individual plaintiff in a specific judicial proceeding, those acts are "paradigmatic judicial acts"). Chief Judge Butzbaugh may be stripped of judicial immunity only if Plaintiff can show that he acted with a "clear absence of jurisdiction." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978)).

4

Second, Plaintiff fails to plead any facts supporting a conclusion that Chief Judge Butzbaugh or Judge Tolen were acting in the complete absence of jurisdiction. The Sixth Circuit has stated:

> Judicial immunity is available even if the judge acts erroneously, corruptly, or in excess of his or her jurisdiction. However, a judge will not be immune from suit where: (1) the judge acts in an non-judicial capacity; or (2) the judge acts in the complete absence of all jurisdiction. A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction."

*Marshall v. Bowles*, 92 Fed. Appx. 283, 285 (6th Cir. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991), and *King v. Love*, 766 F.2d 962, 966 (6th Cir. 1985)). The Berrien County Circuit Court is a "trial court of general jurisdiction," and has "original jurisdiction in all matters not prohibited by law." *See* Mich. Const. Art. VI, §§ 1, 13. Plaintiff makes no allegation that his state court case or any order entered in that case fell outside the bounds of the Circuit Court's general subject matter jurisdiction. Consequently, Plaintiff cannot state a claim for injunctive relief against Defendant Butzbaugh in this case. *See King*, 766 F.2d at 966 ("[A] judge of a court of general jurisdiction is absolutely immune from an action for damages [even] if he exceeds his authority in resolving a matter over which his court has subject matter jurisdiction.") Because the Complaint is devoid of any facts that would allow for an exception to the doctrine of judicial immunity, Plaintiff fails to state a claim, and Defendant is entitled to dismissal.

## CONCLUSION

In conclusion, Plaintiff fails to state a claim upon which relief may be granted. Defendant's Motion to Dismiss (docket #3) is granted under FED. R. CIV. P. 12(b)(6).


Dated:   February 6, 2009            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE